UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

CLASSIC HEALTHCARE, INC., DADI KAFLEY :
and KAMAL KAFLEY, :
         Plaintiffs, :
          :
    v. : No.   5:22-cv-1761
          :
CARE FINDERS TOTAL CARE, LLC, :
         Defendant. :
_____

**O P I N I O N**
Defendant's Partial Motion to Dismiss, ECF No. 11 – Granted

**Joseph F. Leeson, Jr.**                                                            **August 1, 2022**
**United States District Judge**

### I.     INTRODUCTION

This case involves the merger of two healthcare companies. Plaintiff Classic Healthcare ("Classic") was purchased by Defendant CareFinders Total Care ("CareFinders"). In accordance with the merger, the parties agreed that one of Classic's owners, Plaintiff Dadi Kafley, was to stay on as a consultant for a period of one year.[1] To memorialize this arrangement, Kafley and CareFinders entered into a Consulting Agreement. Kafley asserts that CareFinders breached the terms of that Consulting Agreement. Currently pending before this Court is a partial motion to dismiss the Amended Complaint filed by Defendants. For the reasons set forth below, the motion to dismiss is granted, and Count III is dismissed without prejudice.

### II.     BACKGROUND

On January 25, 2021, CareFinders purchased Classic for $17 million. *See* Am. Compl. ¶ 1. As part of the merger, CareFinders and Kafley entered into a Consulting Agreement, which

---

[1]     Classic owner Kamal Kafley was also asked to stay on in a consulting role; however, Kamal Kafley's Consulting Agreement is not at issue in this motion.

indicated Kafley would remain involved as a consultant to the newly-formed business. *See id.* ¶¶ 27, 30. Following the merger, the resultant business struggled to meet revenue goals under its new ownership. *See id.* ¶¶ 33-34. In the event business performed well post-merger, Kafley was entitled to certain bonuses; however, because of the poor performance after the merger, those bonuses did not materialize. *See id.* ¶ 9. Kafley believes that these revenue shortcomings were caused by CareFinders' poor management of the company following the merger, which he asserts amounts to a breach of the Consulting Agreement. *See id.* ¶ 7. Inclusive under the umbrella of poor management amounting to a breach of the Consulting Agreement, Kafley alleges CareFinders impermissibly demoted him from his consulting position as Branch Director, thereby obstructing his ability to receive bonus payments. *See id.* ¶ 18. Accordingly, Kafley brought a declaratory judgment claim, Count III, requesting this court declare that CareFinders breached the Consulting Agreement. *See* Def. Motion to Dismiss ¶ 1, ECF No. 11.

## III. LEGAL STANDARDS

### A. Motion to Dismiss – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

   **B.**  **Jurisdiction in Declaratory Judgment Actions – Review of Applicable Law**

A federal court may entertain a declaratory judgment action "when it finds that the declaratory relief sought "(i) will serve a useful purpose in clarifying and settling the legal relations in issue; and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Brugler v. Unum Group*, 4:15-CV-01031, 2018 WL 5734680, at *2 (M.D. Pa. 2018); *Wenzel v. Knight*, No. 3:14cv432, 2015 WL 3466864, at *3 (E.D. Va. 2015) ("The coexistence of both claims for breach of contract and declaratory judgment does not necessarily moot the need for a declaratory judgment, but when the same party brings both claims to obtain essentially identical relief, the declaratory judgment serves little useful purpose."). Moreover, a district court should "rule on the merits of a declaratory judgment action," where, the complaint alleges "declaratory relief 'will serve a useful purpose in clarifying and settling the legal relations in issue'". *Volvo Const. Equip. N.A., Inc. v. CLM Equip.*

*Co., Inc.,* 386 F.3d 581, 594 (4th Cir. 2004) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)).

### C.     Breach of Contract

A breach of contract claim under Pennsylvania law requires the claimant to show three elements:

(1) "the existence of a contract, including its essential terms;"

(2) "a breach of a duty imposed by the contract;" and

(3) "resultant damages."

*Udodi v. Stern*, 438 F. Supp. 3d 293, 299 (E.D. Pa. 2020) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003)).  "Pennsylvania courts apply the 'plain meaning rule' of interpretation of contracts which assumes that the intent of the parties to an instrument is embodied in the writing itself, and when the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement." *Hullett v. Towers, Perrin, Forster & Crosby*, 38 F.3d 107, 111 (3d Cir. 1994).

### IV.    ANALYSIS

At the outset, the Court notes that it has jurisdiction to hear the declaratory judgment claim.  Kafley, asks the Court to declare certain rights in his favor relating to the Consulting Agreement, including his position as Branch Director and the terms involving prohibitions on competition under the Non-Solicitation/Non-Circumvention provision.  In addition, a declaration of the rights of each party with respect to the Consulting Agreement will clarify and settle legal relations while terminating the uncertainty that undergirds this proceeding.  Accordingly, this Court may entertain Kafley's declaratory judgment claim, and it turns to address the merits of that claim.

Kafley primarily asks this Court to declare CareFinders breached the Consulting Agreement. Accordingly, in order to determine whether that declaration may plausibly be made in Kafley's favor, the Court must analyze the underlying breach of contract theory.  Neither party disputes the Consulting Agreement is a valid contract, aimed at governing Kafley's consulting relationship with CareFinders after the merger.  Rather the parties dispute whether certain actions or inactions of CareFinders constitute a breach.

Kafley argues that CareFinders breached the Consulting Agreement in two respects: (1) "[r]emoving Kafley from his position as Branch Director, preventing Kafley from providing his necessary leadership and administrative direction, and interfering with the duties described in Exhibit A to Kafley's Consulting Agreement" and (2) obstructing "Kafley from performing the duties of his Consulting Agreement and interfer[ing] with the expectation of CareFinders in achieving the $21,000,000 12-Month Billable Revenue Goal." Am. Compl. ¶¶ 85-88. CareFinders argues that the breach of contract theory fails because it did not have a contractual duty to maintain Kafley's Branch Director position nor to run the resulting entity in any specific manner. *See* Def. Motion to Dismiss ¶¶ 5-8. Moreover, even after Kafley's title was changed, he was still paid the agreed-upon salary. *Id*.

Accordingly, this Court concludes that Kafley has failed to allege a breach of contract with respect to either theory. Since Kafley's underlying theory of breach of contract fails, he has failed to show that this Court could plausibly render the favorable declarations he seeks related to that very contract.  Therefore, CareFinders' motion to dismiss is granted.

A.      **Kafley Fails to Sufficiently Allege an Explicit Term of the Contract that was Breached with Respect to His Removal as Branch Director**

Kafley does not identify any obligation, express or implied, in the Consulting Agreement that CareFinders breached by removing him from the position of Branch Director. Although the Amended Complaint does not allege that Kafley was fired, it does allege Kafley was removed from his position as Branch Director. Notwithstanding, Kafley fails to allege what sort of changes, to his responsibilities or otherwise, he experienced as a result of this removal. Indeed, CareFinders continued to pay Kafley the contractual compensation of $10,000 each month, even after his change of position. Am. Compl., Ex. 8. The Third Circuit has held that "a mere change in work assignment" does not constitute a breach of contract when the employee's salary remains the same. *Ferraro v. City of Long Branch*, 23 F.3d 803, 806 (3d Cir. 1994). Kafley does not allege any material change, other than the change of his title. Accordingly, Kafley has failed to allege that any term of the contract was materially breached when he was removed from the Branch Director position yet paid the full contractual compensation. Therefore, Kafley has failed to show that this Court could plausibly render the favorable declaration of his rights that he seeks.

B.      **Kafley Fails to Allege that CareFinders breached a Term of the Consulting Agreement with Respect to its Management of the Resulting Entity**

Kafley claims that CareFinders obstructed the business' performance following the merger, which caused Kafley to lose out on the bonuses that he could have earned. Am. Compl. ¶ 86. "To properly allege a breach of contract, a party needs to point at a specific provision of the document the counterparty breached." *Philidor Rx Services LLC v. Polsinelli PC*, 552 F. Supp. 3d 506, 513 (E.D. Pa. 2021). The Consulting Agreement does not include any contractual

obligations on the part of CareFinders to manage the company in a particular manner and therefore, Kafley's breach of contract theory fails on this issue. *DelPalazzo v. Horizon Group Holding, LLC*, CV 19-5682-KSM, 2020 WL 2847903, at *3 (E.D. Pa. 2020).  Because Kafley points to no term of the Consulting Agreement breached by CareFinders with respect to the business' performance or any resultant bonuses, he has failed to plausibly allege a breach of the underlying contract.  Accordingly, Kafley has failed to plausibly allege that this Court could declare the subject rights in his favor.

**V.   CONCLUSION**

CareFinders' motion to dismiss Count III is granted, and Count III is dismissed without prejudice. Kafley asks this Court to declare certain rights in his favor relating to his Consulting Agreement with CareFinders. Upon review of this Agreement, the Court finds that Kafley has failed to identify any term in the Agreement that CareFinders materially breached. Simply changing the position of Kafley within the corporation without decreasing his monthly salary was not a breach of contract. Moreover, the Consulting Agreement does not indicate how CareFinders is to manage the business. Likewise, Kafley points to no contractual right in the Consulting Agreement to additional bonuses. Because the underlying theory of breach fails, Kafley has failed to plausibly show that this Court could declare the requested rights in his favor. Accordingly, CareFinders' motion to dismiss is granted, and Count III is dismissed without prejudice.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
